IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TAMMY WEAVER, | ) | CASE NO. 1:13CV303 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant | ) | |

On February 11, 2013, Plaintiff Tammy Weaver ("Plaintiff" or "Weaver") filed a Complaint against Defendant Commissioner of Social Security ("Commissioner") challenging the September 1, 2011, order of an Administrative Law Judge ("ALJ") dismissing her request for a hearing.[1]  Doc. 1.  Weaver asserts jurisdiction pursuant to 42 U.S.C. § 405(g).[2]  Doc. 1, p. 2.  The Commissioner filed a Motion to Dismiss Weaver's Complaint for lack of subject matter jurisdiction.  Doc. 10.  The Commissioner asserts that this Court is without jurisdiction to review the ALJ's order dismissing her request for hearing because that order is not a "final decision" under §405(g).  Doc. 10-1.  As explained below, the undersigned agrees with the Commissioner that this Court is without jurisdiction to review the claim because the ALJ's order dismissing Weaver's request for hearing is not a "final decision."   Accordingly, the undersigned recommends that the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. 10) be **GRANTED**.

---

[1] On the March 19, 2012, the Appeals Council refused Weaver's request for review the ALJ's September 1, 2011, order dismissing her request for hearing.  Tr. 2.  In her Complaint, Weaver states that she is appealing from the Appeals Council decision.

[2] 42 U.S.C. § 405(g) provides in relevant part:  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

1

## I. Procedural and Factual Background

### a. First Application – July 2009

On July 15, 2009, Weaver filed applications for disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Tr. 15-16. Weaver alleged disability based on back disorders and asthma. Tr. 15-16. She alleged a disability onset date of February 1, 2008. Tr. 10, 15-16. Both applications were denied initially on November 2, 2009. Tr. 68-73. Plaintiff was not represented by an attorney during this time but obtained an attorney on January 7, 2010. Doc. 11, p. 1.

Weaver's new counsel made an untimely request for reconsideration on January 8, 2010. Tr. 10. To be timely, Weaver should have made her request on or before January 6, 2010. Tr. 10. Thereafter, on February 4, 2010, Social Security Administration ("SSA") District Manager E. Stransky found that Weaver did not establish "good cause" for filing her request for reconsideration two days late. Tr. 17. Weaver was also informed that she would be given a protective filing date[3] if she filed an application for SSI within 60 days of February 4, 2010. Tr. 17.

### b. Second Application – March 2010

Thereafter, in March 2010, Weaver filed new DIB and SSI applications which were within the time for obtaining the protective filing date of February 4, 2010. Tr. 55-56, 98-99. On March 22, 2010, Weaver filed an online application for SSI alleging a disability onset date of

---

[3] "Protective Filing Date: The date you first contact [the administration] about filing for benefits. It may be used to establish an earlier application date than when we received your signed application." (http://www.socialsecurity.gov/glossary.htm Last Reviewed 1/31/14).

2

February 2, 2009. Tr. 76-78. On March 24, 2010, Weaver filed an application for DIB alleging the same disability onset date of February 2, 2009. Tr. 98-99.

On March 24, 2010, SSA District Manager E. Stransky issued an "informal decision"[4] on Weaver's SSI application indicating that she was not eligible for SSI because she did not file an application for SSI. Tr. 55. The March 24, 2010, informal decision conflicts with the evidence in the case, which shows that Weaver filed an on-line application for SSI on March 22, 2010. Tr. 11. On March 29, 2010, the SSA denied Weaver's DIB application because she had not worked long enough, based on her alleged disability onset date, to qualify for insured status under the Social Security regulations. Tr. 53-54. Weaver's alleged disability onset date of February 2, 2009, was after March 31, 2008, the date when she was last insured for disability benefits. Tr. 52.

On June 1, 2010, Weaver requested reconsideration alleging that she became disabled on or before March 31, 2008.[5] Tr. 47. On June 8, 2010, an SSA representative spoke with Weaver and stated that her claim "has been reloaded with the [2/5/08] onset date" and that reconsideration would now be denied based upon *res judicata*. Tr. 51. On June 13, 2010, an adverse reconsideration determination informed Weaver she did not qualify for DIB benefits because "this application concerns the same issues which were decided when an earlier claim was denied." Tr. 48.

On July 8, 2010, Weaver requested a hearing before an ALJ. Tr. 45. On July 27, 2010, Weaver's request for a hearing was granted. Tr. 41-42. On that same day, ALJ Jim LeBlanc

---

[4] There is no indication the March 24, 2010, informal decision was sent to Weaver's attorney who had filed documents with the SSA on January 8, 2010, showing that he was representing Weaver. Tr. 11.

[5] Weaver 's reconsideration request does not specify if she requested reconsideration of the March 22, 2010, SSI application or the March 24, 2010, DIB application. Tr. 47. The ALJ stated that Weaver requested reconsideration of the March 24, 2010, determination. Tr. 12. It appears the ALJ is correct because the June 13, 2010, reconsideration determination discusses only DIB benefits. Tr. 48.

filled out a form that indicated a possible dismissal of Weaver's claim based on *res judicata*. Tr. 44. ALJ LeBlanc also indicated that Weaver had established good cause for late filing.[6] Tr. 44.

On June 3, 2011, a hearing was held before ALJ Frederick Andreas. Tr. 767-824. ALJ Andreas accepted testimony but first indicated,

> What I will do is provide you with a copy of these notes[7] and give you an opportunity, counsel, to brief the issue of why this – why there shouldn't be a res judicata denial on this below and in the meantime, because I have not yet determined that I don't have jurisdiction, although there is a serious question, we will go ahead with the hearing testimony.

Tr. 773. After the hearing, ALJ Andreas did not reach a decision on the merits of Weaver's claim. Instead, on September 1, 2011, he issued an order of dismissal finding that Weaver had no right to request a hearing on July 8, 2010, because the July 15, 2009, applications were never processed at the reconsideration level (Tr. 13-14) and the applications Weaver protectively filed on February 4, 2010, had not been processed and adjudicated on the medical and vocational merits. Tr. 14. On March 19, 2012, the Appeals Council denied Weaver's request for review of ALJ Andreas's dismissal. Tr. 2. ALJ Andreas's 2011 dismissal order is the subject of this appeal.

  c. **Third Application – June 2010**

On June 7, 2010, Weaver filed another application for DIB benefits alleging an onset date of February 5, 2008. Tr. 74-75. ALJ Andreas stated that there was no indication that the SSA

---

[6] ALJ Frederick Andreas stated in his subsequent order dismissing Weaver's hearing request: "In the context of the procedural history of this case, it appears that [ALJ LeBlanc]…was finding good cause for the claimant's filing two days out of rule the request for reconsideration her attorney filed on January 8, 2010. [ALJ LeBlanc] seemingly paved the way for the claimant to receive a decision on the merits in response to the Title II and Title XVI applications she filed on July 15, 2009. However, for the reasons mentioned in greater depth below it would have been improper for any [ALJ] to issue a hearing level decision in this case." Tr. 12.

[7] ALJ Andreas was referring to notes on the procedural history of the matter. Tr. 772-73.

had processed the June 7, 2010, application at the time of his September 1, 2011, decision dismissing Weaver's request for a hearing on her second application.[8] Tr. 12.

## II. Motion to Dismiss Standard

"When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations and quotations omitted). In reviewing a motion to dismiss for lack of subject matter jurisdiction, "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Id.* (internal citations omitted). "However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Id.* (internal citations omitted).

## III. Analysis

The Commissioner asserts that this Court is without jurisdiction in this matter and Weaver's Complaint must be dismissed because she failed to exhaust her administrative remedies. Doc. 10-1, p. 5. The district court has jurisdiction to review the final decision of the Commissioner denying social security benefits under 42 U.S.C. § 405(g). *See Willis v. Sullivan,* 931 F.2d 390, 396 (6th Cir.1991). However, the Commissioner contends that Weaver has not received a "final decision" and thus this Court has no jurisdiction to hear Weaver's claim. Doc. 10-1, p. 5.

---

[8] It is unclear whether Weaver's third application remains pending.

The term "final decision" is undefined by the Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 42 U.S. 749, 766 (1975). Under the Commissioner's regulations, a "final decision" is one rendered after a claimant has completed the four-step administrative review process set forth in 20 C.F.R. § 416.1400(a) (2008). *Stevens v. Astrue,* CIV.A 08-18 ERIE, 2008 WL 4748178 (W.D. Pa. Oct. 24, 2008). First, a claimant must receive an initial determination. 20 C.F.R. §§ 416.1400(a)(1) and 1402. Second, if dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. §§ 416.1400(a)(2) and 1407. Third, if dissatisfied with the reconsideration determination, the claimant may request a hearing before an ALJ. 20 C.F.R. §§ 416.1400(a)(3) and 1429. Fourth, if dissatisfied with the ALJ's decision, the claimant may request the SSA's Appeals Council to review the ALJ's decision. 20 C.F.R. §§ 416.1400(a)(4) and 1467. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the Commissioner's final decision or the Appeals Council may grant the request and issue its own decision, which then becomes the Commissioner's final decision. Only after a final decision is reached may a claimant then seek judicial review by commencing an action in federal district court within sixty days after receiving notice of the Appeals Council's decision. 20 C.F.R. §§ 1416.1400(a)(5) and 1481.

The ALJ issued an Order of Dismissal on September 1, 2011, stating that Weaver "had no right to request the hearing she requested on July 8, 2010 because no reconsideration decision was issued." Tr. 14. The ALJ further found, "The Social Security Administration has not processed and adjudicated the medical and vocational merits relative to the above-described Title II and Title XVI applications that the claimant protectively filed on February 4, 2010 (in which she alleged that she had been disabled since February 5, 2008), so those issues are not ripe and

6

are not properly before the undersigned.  Tr. 14.  The Appeals Counsel denied Weaver's request for review on March 19, 2012.  Tr. 2.

The Commissioner argues that the ALJ's order dismissing Weaver's hearing request is not a "final decision made after a hearing" and is not subject to judicial review.  Weaver argues, however, that ALJ LeBlanc reopened her claim when he indicated on the possible dismissal form, just prior to scheduling the ALJ hearing, that good cause for late filing had been established.  Doc. 11, p. 3; Tr. 44.  Weaver claimed that the "*de facto* reopening of the claim by ALJ LeBlanc paved the way for a decision on the merits."  Doc. 11, p. 3.  The Commissioner responds that the prior claim was not reopened and the Commissioner's decision to deny the reopening of a prior application is not subject to judicial review unless the claimant challenges the refusal on constitutional grounds, which Weaver has not done.  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

ALJ Le Blanc requested a hearing be scheduled and indicated that "good cause for late filing has been established."  Tr. 44.  However, ALJ Le Blanc made this statement on a "possible dismissal" form on which he also indicated that there may be a cause for a *res judicata* dismissal.  Tr. 44.   A final decision by the Secretary will be deemed reopened without an express statement if it is reconsidered on the merits to any extent and at any administrative level.  *Gossens v. Sec'y of Health & Human Servs.*, 859 F.2d 922 (6th Cir. 1988), *Wilson v. Califano,* 580 F.2d 208, 212 (6th Cir.1978).  ALJ LeBlanc did not reconsider the merits of Weaver's claim and, as such, did not reopen her claim.

Furthermore, ALJ Andreas did not reconsider the merits of Weaver's claim.  ALJ Andreas dismissed Weaver's hearing request based on the principles of *res judicata* (since she did not timely appeal the decision denying her November 2009 SSI and DIB applications). Tr.

7

14. Although, he held a hearing on the merits, ALJ Andreas prefaced the hearing by saying that he thought there was a possible *res judicata* issue and he had not yet determined if jurisdiction was proper. Tr. 773. Moreover, after the hearing, the ALJ did not reach a decision on the merits of Weaver's claim. Instead, the ALJ dismissed Weaver's request for hearing because he found she "had no right to request a hearing." Tr. 12. The ALJ stated that Weaver's applications filed on July 15, 2009 were never processed at the reconsideration level. Tr. 13-14. Additionally, the applications Weaver protectively filed on February 4, 2010, had not been processed and adjudicated on the medical and vocational merits. Tr. 14. Accordingly, Weaver's claim was not reopened.[9]

Alternatively, even if the claim was reopened, the only order that could be reviewed would be ALJ Andreas's September 1, 2011, decision denying Weaver's hearing request.[10] However, a decision to decision to deny a hearing request does not constitute a final decision of the Secretary made after hearing pursuant to 42 U.S.C. § 405(g). Accordingly, this Court cannot review the ALJ's decision.

In *Bagby*, the Sixth Circuit refused to review the Secretary's decision to deny, on *res judicata* grounds, a request for a hearing. Bagby v. Harris, 650 F.2d 836 (6th Cir.), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 647, 70 L.Ed.2d 623 (1981). The Sixth Circuit held there had been no hearing, "[t]here was nothing to review by the district court." Bagby, 650 F.2d at 838. In the

---

[9] Denial of the reopening of a prior application is not subject to judicial review unless the claimant challenges the refusal on constitutional grounds, which Weaver has not done. Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). The Supreme Court reasoned that, since "a petition to reopen a prior final decision may be denied without a hearing," that decision, though binding on the parties, does not constitute a reviewable decision under § 405(g). Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). This reading of § 405(g) was compelled in part by "Congress' determination ... to limit judicial review to the original decision denying benefits..." Id.

[10] One of the items Weaver prays for in her complaint is for this Court to "reverse the decision of the defendant" and "find that [she] is entitled to disability benefits under the provisions of the social security act." Doc. 1, p. 2. It is not possible for this Court to determine that Weaver is entitled to disability benefits when there has been no merits decision issued by the Commissioner.

absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision. *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993), *Jones v. Secretary of Health and Human Servs.*, No. 89–1603, slip op. at 3, 1990 WL 17265 (6th Cir. Feb. 27, 1990).

The ALJ held a hearing in this case but dismissed the case without issuing a decision on the merits.  Accordingly, there is no original decision denying benefits to review. *Bagby,* 650 F.2d at 838, *Sanders,* 430 U.S. at 108.  A court may not review the Commissioner's dismissal of a hearing request or a refusal to reopen an application for benefits absent a colorable constitutional challenge.  See *Cottrell v. Sullivan,* 987 F.2d 342, 344-45 (6th Cir.1992); *Blacha v. Secretary of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir.1990).  Weaver has not presented a colorable constitutional challenge.  Accordingly, this Court is without jurisdiction to review the Commissioner's dismissal of Weaver's hearing request.

In the event this Court finds jurisdiction lacking, Weaver requests, in the alternative, that she  be allowed to amend her Complaint to include a claim in mandamus pursuant to 28 U.S.C. § 1361 requiring the Commissioner to process her claim.  Doc. 11, p. 5.  However, the U.S. Supreme Court, in *Heckler*, found that §1361 was not available as a jurisdictional basis to social security claimants who failed to exhaust administrative remedies under §405(g) because mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.  *Heckler v. Ringer*, 466 U.S. 602, 616-17, 104 S. Ct. 2013, 2022, 80 L. Ed. 2d 622 (1984).  Accordingly, Weaver's proposed amendment would be futile and her request for leave to amend should be denied.  *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) ("Civil Rule 15 provides that '[t]he court should freely give leave when justice so requires.' Fed.R.Civ.P. 15(a)(2). Nevertheless, denying leave is appropriate in instances of 'undue delay, bad faith or

9

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,[11] etc.' ").

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Doc. 10) be **GRANTED** and that Plaintiff's request, in the alternative, to amend her Complaint to add a claim in mandamus under 28 U.S.C. § 1361 against the Commissioner be **DENIED**.

IT IS SO ORDERED.

Dated: February 3, 2014

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986)

---

[11] A motion to amend is "futile" if it would not withstand a Rule 12(b)(6) motion to dismiss. *Bergmoser v. Smart Document Solutions, LLC*, 268 F. App'x 392, 396 (6th Cir. 20 08) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir.2000)).